# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.  10-80015-Cr-Marra/Hopkins

UNITED STATES OF AMERICA

    vs.

ALFREDO RODRIGUEZ,

    Defendant.

_____/

## PLEA AGREEMENT

The United States of America and Alfredo Rodriguez (hereinafter referred to as the "defendant") enter into the following agreement:

1.    <u>The Charge to Which the Defendant Is Pleading Guilty</u>:  The defendant agrees to plead guilty to the sole count of the Information, which charges that, from at least as early as January 18, 2007, through on or about November 3, 2009, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant did corruptly conceal a record, document, or other object, with the intent to impair the object's availability for use in an official proceeding, that is proceedings before a federal grand jury, and otherwise corruptly obstructed and impeded said official proceeding; in violation of Title 18, United States Code, Section 1512(c).

2.    <u>The Elements of the Offense of Conviction</u>: The elements of the offense of obstruction of justice, in violation of Title 18, United States Code, Section 1512(c), are as follows:

First, that the defendant concealed a record, document, or other object with the intent to impair the object's availability for use in an official proceeding, or otherwise obstructed or impeded that proceeding;

Second, that the defendant did so "corruptly," that is, wrongfully and with improper purpose; and

Third, that the defendant's conduct had a relationship in time, causation or logic with the official proceeding, that is, that the endeavor had the natural and probable effect of interfering with the due administration of justice.

3.  Statutory Penalties:  The defendant understands and acknowledges that, as to the charge contained in the Information, the Court may impose a maximum sentence of twenty (20) years' imprisonment to be followed by a term of supervised release of up to three (3) years, and may impose a fine of up to $250,000.  The defendant also understands that, in addition to any term of imprisonment and supervised release and/or any fine that is imposed, the Court may order him to pay restitution to any victim of his offense, as required by law. The defendant understands and acknowledges that a violation of the terms of his supervised release can result in additional criminal penalties.

4.  Special Assessment:  The defendant further understands and acknowledges that, in addition to the sentence imposed under paragraph 3 of this Agreement, a special assessment in the amount of $100 will be imposed.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5.  Applicability of Sentencing Guidelines:  The defendant is aware that the

sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the entry of the defendant's guilty plea. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant further understands that the Court is required to consider the advisory guideline range determined under the sentencing guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant cannot withdraw his guilty plea solely as a result of the sentence imposed.

6.     <u>Rights Waived by Pleading Guilty</u>: The defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

        a.     the right to plead not guilty and to persist in a plea of not guilty;

        b.     the right to a speedy and public trial before a jury of his peers;

c.      the right to the effective assistance of counsel at trial, including, if the

defendant could not afford an attorney, the right to have the Court appoint an attorney

for the defendant;

d.      the right at trial to be presumed innocent until guilt has been proven

beyond a reasonable doubt by the United States;

e.      the right at trial to confront and cross-examine witnesses against the

defendant;

f.      the right to compel or subpoena the testimony of witnesses and other

evidence to present at trial;

g.      the right at trial to testify or to remain silent, and the right that such

silence could not be used against the defendant;

h.      the right to challenge the sufficiency of the Information; and

i.      the right to appeal any pretrial rulings or a finding of guilt.

7.      Government's Right to Disclose Information to the Court:  The Office of the

United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the

right to inform the Court and the Probation Office of all facts pertinent to the sentencing

process, including all relevant information concerning the offenses committed, whether

charged or not, as well as concerning the defendant and the defendant's background. Subject

only to the express terms of any agreed-upon sentencing recommendations contained in this

Agreement, this Office further reserves the right to make any recommendation as to the

quality and quantity of punishment.

8.     <u>Acceptance of Responsibility</u>: The United States and the defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court should reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, and the defendant complies with the requirements of Section 3E1.1, the government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

9.     <u>Limitation on Joint Sentencing Recommendations</u>: The defendant understands and agrees that the United States will not be required to make the motion and sentencing recommendation set forth in paragraph (8) if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering this plea agreement; (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (d) fails to provide information when requested to do so by this Office.

10.   <u>Factual Proffer</u>: The defendant, his counsel, and the United States further agree that, had this case proceeded to trial, the United States would have introduced the following evidence, which is sufficient to support a plea of guilty and proves beyond a reasonable doubt that the defendant is guilty of the charge contained in the Information.

a.   The defendant was formerly employed as a property manager by Jeffrey Epstein ("Epstein"), and lived and worked at Epstein's residence in Palm Beach, Florida, in the Southern District of Florida, in 2004 and 2005.

b.   In 2006, the defendant was interviewed by members of the Town of Palm Beach Police Department regarding allegations of illicit sexual conduct between Epstein and several minor females. On January 18, 2007, Special Agents of the Federal Bureau of Investigation also interviewed the defendant in connection with a federal grand jury investigation of Epstein's criminal activity. The defendant was asked by law enforcement to produce any information or evidence in his possession related to Epstein's criminal activity. The defendant also was provided with contact information for FBI Special Agents and was asked to contact them if he remembered or discovered any further information.

c.   In July and August 2009, the defendant was subpoenaed to appear for deposition in connection with several civil lawsuits filed against Epstein by minor female victims of his criminal conduct. The subpoenas called for the defendant to appear and produce documents related to Epstein. The defendant appeared for deposition but did not produce any documents.

d.   Beginning in August 2009, after the conclusion of the second deposition,

the defendant contacted a cooperating witness (CW) and informed the CW that he had additional information that he had not previously disclosed to any law enforcement agency or any of the civil attorneys, including lists of "hundreds" of additional victims and their telephone numbers.  The defendant agreed to turn this information over to the CW in exchange for $50,000.  The CW tried to convince the defendant to turn over the material voluntarily, but the defendant refused.  The CW then approached law enforcement.  During a consensually monitored telephone call on October 28, 2009, the CW told the defendant that he would be contacted by an associate of the CW regarding the purchase of the material.  The "associate" was, in fact, an undercover Special Agent of the Federal Bureau of Investigation ("UCE").

       e.     On October 29, 2009, the UCE contacted the defendant via telephone. The defendant again explained that he would only turn over the information in exchange for monetary compensation.  During the conversation, the defendant admitted that he knew that the information was relevant to the FBI's criminal investigation and was called for by the investigation. The defendant explained that he had not turned over the information to the FBI because: (1) it was his "property" and he should be compensated for it; and (2) he was afraid that Epstein would make him "disappear" or otherwise harm him, and the information was his "insurance policy."

       f.     On November 3, 2009, the defendant met with the UCE at a predetermined location. During the meeting, the defendant produced a small bound book and several sheets of legal pad paper containing hand-written notes. The defendant discussed in

detail the information contained within the book, which he admitted removing from Epstein's home without Epstein's permission, and identified important information to the UCE. In addition, the defendant admitted that he had previously lied to the FBI during the course of the federal criminal investigation of Epstein. The defendant asked the UCE about the $50,000.00, took possession of the money, and began counting it. The defendant was then detained for Obstruction of Official Proceedings, in violation of Title 18, United States Code, Section 1512(c), and questioned. After *Miranda* warnings were administered by agents, the defendant waived his rights and signed a written waiver of those rights. The defendant admitted that he had the documents and book in his possession and had never turned them over to local law enforcement or the FBI. In addition, the defendant advised he had witnessed naked girls whom he believed were minors at the pool area of Epstein's home, knew that his former employer was engaging in sexual contact with underage girls, and had viewed pornographic images of underage girls on computers in Epstein's home.

        g.      The items that the defendant attempted to sell to the UCE were reviewed by an FBI Special Agent involved in the federal grand jury investigation of Epstein. As the defendant had described, the items contained information material to the Epstein investigation, including names of material witnesses and additional victims. The items also would have corroborated testimony of victims already identified. Had the items been produced in response to the inquiries of the state or federal authorities, or if the defendant had contacted the federal authorities at any time after his initial interview to produce these items, the materials would have been presented to the federal grand jury.

11.    <u>No Promises or Representations Regarding Ultimate Sentence</u>: The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose. The defendant understands and acknowledges, as previously acknowledged in paragraph 5 above, that the defendant may not withdraw his plea based upon (a) the Court's decision not to accept a sentencing recommendation made by the defendant and/or the government, or (b) the fact that he received an incorrect estimate of the sentence that he would receive, whether that estimate came from his attorney, the United States, and/or the Probation Office.

12.    <u>Voluntariness of Plea</u>: The defendant agrees that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this written Plea Agreement, were made to induce the defendant to enter his plea of guilty.

13.    <u>Consent to Forfeiture/Disposal/Destruction of Items</u>: The defendant agrees to forfeit all interests in any items seized during the course of this investigation, whether the

defendant currently owns, has previously owned, or over which the defendant currently, or has in the past, exercised control, directly or indirectly. Defendant agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the forfeiture, seizure, or destruction of property covered by this agreement. The defendant agrees that this property may be destroyed or disposed of in accordance with the policies and procedures of the custodial agency. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any destruction or disposal of property carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

14.    Entire Agreement: This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

Date: 3/18/10          By: _____
A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY

Date: 3/17/10          By: _____
ALFREDO RODRIGUEZ, DEFENDANT

Date: 3-17-10          By: _____
DAVE LEE BRANNON, ESQ.
ATTORNEY FOR DEFENDANT

Page 10 of 10